**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5382

SONYA E. WARREN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-94-52)

Submitted: January 30, 1996

Decided: September 12, 1996

Before LUTTIG and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen P. Lindsay, LINDSAY & HENSLEY, Asheville, North Caro-
lina, for Appellant. Mark T. Calloway, United States Attorney,
Thomas R. Ascik, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sonya E. Warren entered a guilty plea to one count of aiding and abetting William Jude in assaulting, resisting, or impeding a federal officer in the performance of his duties (18 U.S.C.A. § 111(a) (West Supp. 1995), 18 U.S.C. § 2 (1988)), and to one count of driving with a revoked license (36 C.F.R. § 4.2 (1995), N.C. Gen. Stat. § 20-28(a) (1994)). She appeals her sentence of 24 months, contending that the district court erred in sentencing her as a career offender. United States Sentencing Commission, Guidelines Manual § 4B1.1 (Nov. 1994). Warren also argues that the district court erred in finding that her offense involved physical contact. USSG § 2A2.4(b)(1). Finding no error, we affirm.

Warren was stopped by Park Ranger Edward West in a remote area of the Great Smoky National Park because a brake light on her vehicle was not operating. Warren was unable to perform sobriety tests adequately and her license had been revoked. The owner of the car, William Jude, was in the passenger seat. He also had been drinking and had a revoked license. West decided to transport Warren to the county jail for a breathalyzer test. Because he could not transport a prisoner in the pickup truck he was driving, West radioed for Park Ranger Al Miller to come to his assistance.

Ranger Miller did not arrive for about an hour. During that time, Warren and Jude continued to drink beer and some other liquid. When West tried to get them to stop, both Jude and Warren got out of their car. Jude shouted profanities and invited West to shoot him. They then got back in Jude's car, with Jude in the driver's seat, and drove away at high speed. While following them, West informed Miller by radio of their flight. Miller intercepted the pair and was able to force their vehicle to stop by blocking the road with his vehicle.

2

Jude got out of the car and struggled with both rangers, taking Ranger Miller's revolver from him at one point. Warren got behind the wheel of Jude's car, rammed Ranger Miller's patrol car, and tried to push it out of the way. Miller sprayed Warren with pepper spray, handcuffed her, and put her in his patrol car. Warren and Jude both pled guilty to aiding and abetting each other to forcibly assault, oppose, resist, and impede the rangers and to driving with revoked licenses.

At the sentencing hearing, the district court initially enhanced Warren's offense level under USSG § 2A2.4, finding that there was physical contact between Warren and the rangers. The court then found that Warren qualified as a career offender, thus making the first enhancement moot. Warren's offense level was increased from 7 to 10 under USSG § 4B1.1. She had 13 criminal history points, which put her in criminal history category VI even before application of § 4B1.1. The district court sentenced her to serve 24 months, the bottom of the career offender guideline range.

On appeal, Warren first argues that her two prior felony convictions for assault with a deadly weapon should have been treated as one. To qualify as a career offender, a defendant must have two prior felony convictions for either a crime of violence or a drug trafficking offense. The provisions of USSG § 4A1.2 apply; consequently, cases which were consolidated for trial or sentencing count as one. USSG § 4A1.2, comment, (n.3). However, unless there is a formal order of consolidation, prior sentences are not considered consolidated merely because they run concurrently or are imposed at the same time. United States v. Allen, 50 F.3d 294, 297 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3907 (U.S. June 26, 1995) (No. 94-9414); United States v. Rivers, 929 F.2d 136, 140 (4th Cir.), cert. denied, 502 U.S. 964 (1991).

Although the sentence imposed on Warren on July 26, 1990, was made concurrent to the sentence imposed on July 13, 1990, separate judgments were entered in each case. There was no order of consolidation. Therefore, the cases were not related and the district court properly counted both prior sentences separately and found that Warren was a career offender. Because Warren was correctly sentenced

3

as a career offender, we need not consider whether the district court properly enhanced her offense level for physical contact.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4