**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5775

WILLIE JAMES BANKS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CR-94-44)

Submitted: August 12, 1997

Decided: September 12, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas G. Ross, ROSS & POWELL, Centreville, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Deborah A.
Johnston, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Willie James Banks, Jr., pled guilty to two counts of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1997), and was sentenced to thirty-three months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his view there are no meritorious issues for appeal. Banks has filed a pro se supplemental brief* in which he contests his conviction and sentence. After a thorough review of the record, we affirm Banks' conviction and sentence.

Banks purchased two shotguns in December 1994, on separate occasions, each time falsely representing that he had not been previously convicted of a felony. He was indicted in February 1995 and pled guilty in April. He made no objection to the presentence report, which recommended offense level of 12, criminal history category VI (16 criminal history points), and a guideline sentencing range of 30-37 months.

In his plea agreement, Banks waived his right to appeal his sentence as long as the offense level determined by the district court was not greater than 12. During the Fed. R. Crim. P. 11 plea colloquy, the district court told Banks that once he pled guilty his appeal rights would be "somewhat limited." However, the waiver of appeal rights was not called to Banks' attention. A waiver of appeal rights must be knowingly and voluntarily made. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and intelligent, the particular facts and circum-

_____

*After submitting his pro se brief, Banks filed an addendum to it entitled "Motion to Supplement Record." We consider this a motion for leave to file a supplement to the pro se brief.

2

stances of the case, including the background, experience, and conduct of the defendant, must be examined. Id.

Here, the record does not disclose how much consultation Banks had with his attorney before he entered into the agreement. Banks dropped out of school in the ninth grade and subsequently was convicted of a string of thefts and other offenses which kept him either in jail or on probation until he committed the instant offense. His assertion that he received a G.E.D. while incarcerated was not verified. Banks' only prior experience in federal court was a trespassing conviction when he was fifteen years old, for which he was sentenced to sixty days, concurrent with a state juvenile sentence he was then serving, and two years probation. In 1990, having violated probation, Banks received a one-year sentence, some of which was spent in a halfway house. Despite this brush with the federal criminal justice system, we cannot conclude on the record before us that Banks fully appreciated the significance of the waiver. Cf. United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (waiver valid though not mentioned in plea colloquy where college graduate defendant had discussed plea agreement extensively with defense counsel). Consequently, we find the waiver ineffective.

In conducting the Rule 11 plea colloquy, the district court failed to inform Banks that he could be subjected to a term of supervised release. We find this error harmless in view of Banks' long familiarity with probationary sentences. Fed. R. Crim. P. 11(h). Banks argues in his pro se brief that implementation of the Brady Act's background check and five-day waiting period, see 18 U.S.C.A. § 922(s), would have prevented him from making an illegal purchase. Be that as it may, Banks deliberately bought the firearms on the pretense that he had not been convicted of a felony. He made a knowing and voluntary plea and the plea was supported by an adequate factual basis. We therefore affirm the conviction.

In the Anders brief, defense counsel suggests that the district court erred in refusing to depart below the guideline range on the ground that Banks bought the shotguns for a lawful reason (protection of his family) and because he assisted the government in a drug investigation, although Banks did not claim to have provided any assistance at the time he was sentenced. The district court's decision not to depart

3

on this ground or on other grounds suggested for the first time in the pro se brief is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

Both in the Anders brief and in the pro se brief, Banks alleges that the district court erred in determining his criminal history. After a careful review of his claims, we do not find that the district court plainly erred in adopting the criminal history category recommended in the presentence report. Banks first contends that the offenses described in ¶¶ 31-32 and in ¶¶ 33-34 of the presentence report should have been treated as related cases. See U.S. Sentencing Guidelines Manual, § 4A1.2, comment. (n. 3) (1994) (prior sentences count as one if offenses occurred on same occasion, were part of single common scheme or plan, or were consolidated for trial or sentencing). However, Banks did not object to the sentence calculation in the district court. No plain error occurred because Banks did not produce any evidence that the cases were formally consolidated, see United States v. Allen, 50 F.3d 294, 297 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3907 (U.S. June 26, 1995) (No. 94-9414), or that the offenses were committed on the same occasion or were part of a common scheme.

Banks also asserts that no points should have been given for a sentence of probation before judgment listed in ¶ 35 of the presentence report. Adult diversionary sentences are counted if they involved a judicial determination of guilt or an admission of guilt in open court. It is not clear from the presentence report whether there was such an admission, but Banks did not challenge the calculation on this ground or any other. Consequently, the district court did not plainly err in accepting the probation officer's calculation. Banks further argues that the district court should have departed downward pursuant to USSG § 4A1.3, p.s. This claim is without merit because Banks did not move for a departure and a decision not to depart would not be reviewable in any case. See Bayerle, 898 F.2d at 31.

In his pro se brief, Banks alleges that, in determining his sentence, the district court considered unreliable information that he had abused drugs. However, the court did not make reference to possible drug abuse when imposing sentence and Banks' denial of drug abuse was included in the report. Banks also argues that he acquired the firearms

4

to protect his family and should have received a reduction in offense level because he intended to use the shotguns for lawful purposes. The court considered and rejected this argument at sentencing. We cannot say that the court clearly erred. Last, Banks makes various claims of ineffective assistance of counsel which we will not consider on direct appeal because ineffectiveness is not conclusively established by the record. See United States v. Smith , 62 F.3d 641, 650 (4th Cir. 1995).

In accordance with Anders, we have examined the entire record in this case and find no other reversible error. We therefore affirm the conviction and sentence. We grant Banks' "Motion to Supplement Record." We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED