**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gary Alexander ALLEN, Defendant–Appellant.**

**No. 93–5536.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 30, 1994.

Decided March 31, 1995.

---

**ARGUED:** Mary Melissa French, Asst. Federal Public Defender, Baltimore, MD, for appellant. Bonnie S. Greenberg, Asst. U.S. Atty., Baltimore, MD, for appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, MD, for appellant. Lynne M. Battaglia, U.S. Atty., Jamie M. Bennett, Asst. U.S. Atty., Baltimore, MD, for appellee.

Before WILLIAMS and MICHAEL, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by published opinion. District Judge MICHAEL wrote the opinion, in which Judge WILLIAMS and Judge MICHAEL joined.

## OPINION

MICHAEL, District Judge:

Gary Alexander Allen appeals the sentence imposed by the district court, challenging the district court's refusal to treat two of Allen's prior state court convictions as related under United States Sentencing Commission, *Guidelines Manual*, §§ 4A1.1–.2(a)(2) (Nov. 1992). The sole issue on appeal is whether factually unrelated offenses for which a defendant receives separate, sequential sentences, made to run concurrent, in one sentencing proceeding, in the absence of joinder of charges or a formal consolidation order, renders the offenses "related" for purposes

of calculating a defendant's criminal history score. *See* U.S.S.G. § 4A1.2(a)(2), comment. (n.3). If the district court had counted the offenses as related rather than separate, Allen's criminal history score would place him in a lower criminal history category, reducing his guideline range from 84–105 months to 77–96 months. Finding no error, we affirm.

## I.

The facts of the case are not in dispute. Allen received a sentence of 84 months for bank robbery in violation of 18 U.S.C. § 2113(a), the minimum sentence within his guideline range. The district judge ruled that Allen's previous state sentences, both imposed on December 7, 1987, for an attempted breaking and entering occurring on September 7, 1986, and a theft of over three-hundred dollars occurring on January 13, 1987, were not related. The state charged Allen with the two offenses on the same day, and the charges proceeded together through arraignment, appointment of counsel, motions, guilty plea, and sentencing. The parties agree that no intervening arrest separated the offenses.

The state court did not enter an order consolidating Allen's charges for trial or sentencing and the charges proceeded to sentencing under separate docket numbers. In the state court proceedings Allen received a separate sentence of three years for each offense charged, imposed *seriatim*, with the state court then ruling, pursuant to the plea agreement, that the two sentences were to run concurrently with a prior three year sentence Allen had received for a separate felony theft charge imposed on May 13, 1987, for an offense that occurred on July 21, 1986. The state judge proceeded to sentence the September and January offenses separately, at the same hearing, according to the plea agreement.

## II.

On this set of facts and in the absence of a formal order of consolidation, the Government argues that the offenses are not related within the meaning of the Sentencing Guidelines. Allen argues that the offenses were "consolidated ... for sentencing" within the meaning of U.S.S.G. § 4A1.2, comment. (n.3.). When facts related to prior convictions and prior sentences are undisputed, the question of whether such prior sentences are "related" under U.S.S.G. § 4A1.2(a)(2) is a legal determination. *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir.), *cert. denied*, 502 U.S. 964, 112 S.Ct. 431, 116 L.Ed.2d 451 (1991). Accordingly, we review the judgment of the district court in this matter *de novo*. *Id.*

Under the Sentencing Guidelines, in the process of determining a defendant's criminal history category, the district judge must add three criminal history points for "each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence...." U.S.S.G. § 4A1.2(a)(2). Application Note 3 to U.S.S.G. § 4A1.2 defines prior sentences imposed in related cases as those sentences that "resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." There is no contention here that the two prior offenses occurred on "the same occasion" or "were part of a single common scheme or plan." The issue presented turns on the third element: "consolidated for trial or sentencing."

The Sentencing Guidelines do not provide a definition of "consolidated" as that term is used in the Application Note. In support of its argument that absent a formal consolidation order Allen's two sentences for factually and temporally unrelated offenses cannot be treated as one for purposes of U.S.S.G. §§ 4A1.1–.2, the Government cites *United States v. Lopez*, 961 F.2d 384, 387 (2d Cir. 1992), which required a close factual relationship between offenses in the absence of a consolidation order, and *United States v. Metcalf*, 898 F.2d 43, 45 (5th Cir.1990), which held that concurrent sentences for offenses one year apart are unrelated in the absence of factual similarity or a consolidation order. *Accord, United States v. Paulk*, 917 F.2d 879 (5th Cir.1990); *United States v. Lewchuk*, 958 F.2d 246 (8th Cir.1992). Such an ap-

proach, the Government argues, will foster the goals of the Sentencing Guidelines to provide uniformity and predictability in sentencing, *see* U.S.S.G. Ch. 1, Pt.A, and is consistent with the Sentencing Commission's mandate to provide a substantial term of imprisonment for repeat offenders, *see* 28 U.S.C. § 994(i).

Allen urges the court to consider his offenses related according to the approach adopted by the Court of Appeals for the Ninth Circuit in *United States v. Chapnick*, 963 F.2d 224 (9th Cir.1992), which refused to apply its previous holding in *United States v. Gross*, 897 F.2d 414 (9th Cir.1990). *Gross* held that single sentencing proceedings where concurrent sentences are imposed, without more, do not render cases related under the Sentencing Guidelines. *See Chapnick*, 963 F.2d at 228–29. In *Gross* the Ninth Circuit rejected Application Note 3 outright, stating:

> [t]o read into the plain meaning of the statute the inference of the application note that every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related would defeat both the intent of the statute and the public policy concerns over haphazard dispensation of justice. A defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishment when his points are totaled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges.

897 F.2d at 417. In *Chapnick*, the defendant "received identical concurrent sentences for [two] burglaries from the same judge on the same day at the same hearing. [There was] no formal consolidation order, the cases retained separate files and docket numbers, and the sentences imposed for the two burglaries were recorded on two separate minute orders." 963 F.2d at 228. The two burglaries had occurred approximately two weeks apart. In *Chapnick*, however, the court refused to follow *Gross* on the basis of precedent establishing that courts are not

free to disregard Commentary to the Sentencing Guidelines if such Commentary can be construed consistently with the language of the Guidelines themselves. 963 F.2d at 228; *accord, Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). The court held that Application Note 3 prevented the district court from counting the offenses as separate in determining the defendant's career offender status. *Chapnick*, 963 F.2d at 228–29.

In *United States v. Rivers*, we quoted *Gross* with approval in the course of rejecting the contention that two armed robbery sentences were related. *Rivers*, 929 F.2d at 140. Both robberies were committed to support a defendant's drug habit but occurred on different occasions; the charges were not consolidated for trial or sentencing and one sentencing judge handed down a partially concurrent sentence for one of the offenses. *Id.* We held that concurrent sentences alone do not render offenses related. *Id.* Following *Rivers*, we believe the reasoning in *Gross* is persuasive when applying U.S.S.G. §§ 4A1.1–.2 to sentences for prior offenses that were not subject to a formal order of consolidation. *See also Lopez*, 961 F.2d at 387 (citing *Gross* and holding that absence of a formal consolidation order requires offenses to be factually related); *Metcalf*, 898 F.2d at 45–46 (citing *Gross* and requiring formal consolidation order).

By requiring either a factual relationship between prior offenses or a consolidation order, we read Application Note 3 in a way that is most consistent with the Sentencing Reform Act and §§ 4A1.1–.2 of the Sentencing Guidelines. The Application Note must be read in light of the Sentencing Commission's mandate to provide "reasonable uniformity in sentencing," U.S.S.G. Ch.1, Pt.A, intro. comment. (n.3.), and in light of the policies behind 28 U.S.C. § 994(i), which requires the Sentencing Commission to "assure that the guidelines specify a sentence to a substantial term of imprisonment [where] the defendant—(1) has a history of two or more prior ... felony convictions for offenses committed on different occasions...." *See Rivers*, 929 F.2d at 140 (citing *United States v. Flores*, 875 F.2d 1110, 1114 (5th Cir.1989)).

Requiring formal consolidation is most consistent with these twin policies, which dictate our interpretation of Application Note 3.

By requiring formal consolidation, in most instances offenses that are "consolidated for trial or sentencing" within the meaning of the Application Note will have some relationship to each other beyond the happenstance of simultaneous sentencing. We note that offenses cannot be consolidated for one trial where they could not have been brought together in one indictment, consistent with rules of criminal procedure relating to joinder and with due process. Rule 8 of the Federal Rules of Criminal Procedure sets out the requirements for joining offenses for trial, and is representative of state procedure in this regard. The rule provides that joinder in the same indictment or information is permitted where two or more offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed.R.Crim.P. 8(a); *see also* Md. R.Crim. P. 4–203, 4–253; Va. R. S.Ct. 3A:6, 3A:10; W. Va. R.Crim. P. 8. The same principles apply to a trial court's decision to consolidate charges for trial. Where "two or more offenses" have thus been joined for trial, either in an indictment or in a consolidation order, and a defendant pleads guilty, then the defendant usually will be sentenced for the offenses in one proceeding. Such cases are "consolidated for . . . sentencing" within the meaning of the Application Note.

Of course, there may be some instances where factually unrelated charges are formally consolidated for sentencing alone, either after separate trials or pursuant to one or more plea agreements covering separate offenses. After formal consolidation for sentencing, these charges would be considered related for purposes of § 4A1.2(a)(2). However, considering cases that have been only informally consolidated for sentencing as related would subject the criminal history calculation entirely to the vagaries of state plea bargaining and sentencing practices. State plea bargaining and sentencing practices are not governed by the standards generally applicable to a state's decision to bring multiple

charges against a defendant in an indictment or to a judge's decision formally to consolidate charges for trial. While informally consolidated sentencings where concurrent sentences are imposed may on occasion reflect the determinations of judges or prosecutors that a defendant deserves a lesser sentence, as may have been the case here, the motivating factor for such procedures in many instances will not be leniency. There are myriad reasons for informally bringing on cases for trial or sentencing at one time, not the least of which is judicial economy. *See Lopez*, 961 F.2d at 387 (observing that common practice of defense counsel is to bring all charges against a defendant before one judge in hopes of leniency, and that judges may find this practice expedient in the interest of easing crowded dockets and reducing costs). This is particularly true about sentencing. In any case, concerns about sentencing equity that may lead a court to consolidate cases informally and impose concurrent sentences do not make unrelated cases related.

The difficulty with Allen's suggested interpretation is evident in the Ninth Circuit's *Chapnick* decision. In *Chapnick*, the defendant received concurrent sentences at one proceeding, after one burglary offense had been transferred to be sentenced with another burglary conviction. 963 F.2d at 228. The Ninth Circuit observed that the state judge handling the two burglary cases stayed the concurrent sentences to allow the defendant to complete a drug rehabilitation program and concluded that "[t]his indicates that the state judge imposed identical concurrent sentences because the burglaries were *related enough* to justify treating them as one crime." *Id.* at 228–29 (emphasis added). The court then noted that "in any event we must *assume* that the state court believed the ends of justice required the burglary cases to be consolidated for sentencing." *Id.* (emphasis added).

As we have noted, there are many reasons for cases to be consolidated. Accordingly, we cannot approve of a *per se* rule that "assume[s]" that all charges sentenced concurrently in the same proceeding are related under the Sentencing Guidelines, which could

lead the court into speculation about the motivations behind a state court's sentencing practices. Moreover, the fact that a state trial court believes "the ends of justice" will be served by imposing concurrent sentences in one proceeding does not make cases related. The federal interest of providing for substantial sentences for repeat offenders stands independent of state sentencing practices.

Moreover, in factual patterns like those of this case, requiring charges to be formally consolidated or to be joined in an indictment is a rule that is consistent with interests of sentencing uniformity, predictability, and equity. There is no reason for certain defendants who receive concurrent sentences for prior charges to reap an additional windfall over other defendants whose prior crimes, though every bit as "related," may have been sentenced separately. While it is true that requiring formal consolidation is a rigid rule, if such an approach leads to the significant overrepresentation of any defendant's criminal history, the Guidelines provide for departures in such cases. *See* U.S.S.G. § 4A1.3.

### III.

The district court properly treated as separate offenses Allen's two prior convictions which occurred approximately four months apart, and which were separated by elements of time and place. Informal consolidation to permit imposition of separate sentences for these two offenses cannot, under the circumstances of this case, make them "related" offenses. We affirm the judgment of the district court.

*AFFIRMED.*