**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4531

REGINALD PARKS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-95-208-A)

Submitted: January 7, 1997

Decided: January 31, 1997

Before HALL and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dale W. Dover, Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Mark S. Determan, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Parks, an American citizen, was convicted of engaging in a scheme in which he married women from Sierra Leone for money in order to circumvent the immigration laws, and he was sentenced to five concurrent twenty-six-month sentences. On appeal, Parks challenges the district court's denial of his motion to suppress his tape-recorded confession and the calculation of his criminal history score under the Sentencing Guidelines.[1] Finding no error, we affirm.

The district court's legal conclusion concerning the motion to suppress is reviewed de novo, and its findings of fact are reviewed for clear error. United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891); United States v. Williams, 10 F.3d 1070, 1077 (4th Cir. 1993), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3292 (U.S. Oct. 11, 1994) (No. 93-9441). The test for voluntariness of the confession is whether, considering the totality of the circumstances, the agents overcame Parks's will. Haynes v. Washington, 373 U.S. 503 (1963). Coercive police activity is a necessary predicate to a finding that the confession was involuntary. Colorado v. Connelly, 479 U.S. 157, 167 (1986).

In the present case, the district court made the factual determination that Parks was read his rights and waived them prior to being interviewed and that an arrest warrant was issued prior to Parks's arrest. These findings are supported by the record. While Parks argues that he was a drug addict and of limited intelligence, these factors are only material upon a showing of coercive police activity. Parks makes no such showing. Therefore, we find that the district court did not err by denying Parks's motion to suppress his confession.

We also affirm the district court's calculation of Parks's criminal history score. Parks's prior offenses were not related because there was an intervening arrest. USSG § 4A1.2, comment. (n.3). Moreover, even though Parks was sentenced for two of the offenses in the same

---

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

hearing, there was no formal consolidation order. <u>See United States v. Allen</u>, 50 F.3d 294, 297 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 63 U.S.L.W. 3907 (U.S. Jun. 26, 1995) (No. 94-9414) (formal consolidation order required before offenses will be considered consolidated for sentencing for purposes of USSG § 4A1.2).

We reject Parks's argument that credit for time served equates to a suspended sentence for purposes of USSG §§ 4A1.1(c), 4A1.2(a)(3), and 4A1.2, comment. (n.2).**2** We find the two concepts clearly distinguishable.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____
**2** These sections allow for the imposition of only one criminal history point in cases where the defendant did not serve any actual time in prison (i.e., where the defendant received a suspended sentence).

3