**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4281

DARYL L. BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-95-95)

Submitted: April 29, 1997

Decided: May 19, 1997

Before MURNAGHAN and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aubrey F. Hammond, Jr., Richmond, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, M. Hannah Lauck, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daryl L. Brown appeals his 63-month sentence imposed pursuant to his conviction for possession of stolen firearms, 18 U.S.C. § 922(j) (1994). He now appeals, arguing that the district court should not have departed upward in imposing his sentence. Finding no error, we affirm.

Brown and others broke into a sporting goods store in Petersburg, Virginia, and stole seven guns. Brown's presentence report stated that his offense level was 14 and his criminal history category was V, resulting in a guideline range of 33-41 months imprisonment. The probation officer recommended that the district court consider an upward departure based on the inadequacy of Brown's criminal history category. See USSG § 4A1.3, p.s. [1] The report stated that on May 28, 1992, Brown was sentenced in state court pursuant to twenty juvenile convictions, fourteen of which were felonies. Under USSG § 4A1.2(a)(2), he received only two criminal history points for these twenty crimes because the offenses were considered "related."[2]

The United States moved for an upward departure from the guideline range because the criminal history category reflected neither the seriousness of Brown's past criminal conduct nor the likelihood of his committing other crimes. At sentencing, Brown opposed the motion, arguing that most of his prior convictions occurred when he was a juvenile, that he was the only one of the robbers who was charged

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1995).

[2] The probation officer's conclusion that the offenses were related is questionable. Nothing in the materials before us reveals that the twenty crimes were factually related, and there is no formal order showing that the matters were consolidated. See United States v. Allen, 50 F.3d 294, 297-98 (4th Cir.), cert. denied, ___ U.S. ___, 63 USLW 3907 (U.S. June 26, 1995). The United States did not object to the finding that the offenses were related under USSG § 4A1.2. However, there was no plain error because, with criminal history points properly assessed for the crimes, the district court could have departed upward.

with a federal offense, and that his record included no convictions for crimes of violence.

The district court granted the motion for upward departure. The court found that Brown's criminal history category understated the seriousness, depth, and breadth of Brown's criminal record. Further, had Brown not been sentenced for twenty offenses on one day, he would have been assessed far more criminal history points. The court noted that Brown:

> has been given chance after chance and has not taken advantage of it, has demonstrated that, in fact, almost immediately after being released from confinement willingness to commit crime. And the crimes are . . . progressively more serious.

The court concluded that the upward departure was warranted because the criminal history category did not adequately reflect the seriousness of Brown's past criminal conduct or the likelihood that he would commit future crimes. The court departed upward to Criminal History Category VI and offense level 19 and sentenced him at the lowest end of the resulting guideline range, or 63 months. See United States v. Cash, 983 F.2d 558, 561-62 & nn.6-7 (4th Cir. 1992).

Brown argues on appeal that because he was not assessed criminal history points under USSG § 4A1.2 for each of the offenses for which he was sentenced on May 28, 1992, the district court erred when it considered those sentences in departing upward under USSG § 4A1.3. Brown failed to raise this argument in the district court, and he therefore may not raise it on appeal absent plain error. See United States v. Henoud, 81 F.3d 484, 487 n.8 (4th Cir. 1996).

Under USSG § 4A1.3, a district court is not precluded from considering offenses that are deemed "related" under USSG § 4A1.2 when deciding whether a departure is warranted. We recently stated that USSG § 4A1.3 "is designed to deal with defendants who possess an `extensive record' that is not adequately reflected by their Criminal History Category, or those whose criminal background shows them to `pose a greater risk of serious recidivism.'" United States v. Blake, 81

3

F.3d 498, 504 (4th Cir. 1996) (quoting USSG § 4A1.3, comment. (backg'd)).

In the subject case, the district court did not clearly err in determining that criminal history category V did not adequately reflect Brown's record or the likelihood that he would commit future crimes. See United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990). Brown was only nineteen when he committed the instant offense in 1995. His extensive criminal record reveals numerous convictions dating back to 1987. As the district court found, the serious nature of his offenses has increased with time, and his various punishments have not had their desired deterrent effect. The departure above category VI was not an abuse of discretion. See United States v. Cash, 983 F.2d at 561-62 & nn.6, 7.

We accordingly affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4