**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4846

DAVIN JEROME STEWART,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-96-115)

Submitted: October 31, 1997

Decided: December 8, 1997

Before MURNAGHAN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. J. Rene Josey, United States Attorney, Brucie
H. Hendricks, Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Davin Jerome Stewart was convicted by a jury of conspiracy to commit bank robbery, 18 U.S.C. § 371 (1994), and bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1997), 18 U.S.C. § 2 (1994). He received the statutory maximum sentence of sixty months imprisonment for the conspiracy and a concurrent 150-month term for the robbery. Stewart appeals his sentence, arguing that the district court clearly erred in finding that he obstructed justice, see U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (1995), and in departing from criminal history category IV to category VI pursuant to USSG§ 4A1.3, p.s. We affirm.

Stewart conspired with Danny Clark, who was an employee of Pinkerton Security and Investigative Services. Together, they staged a robbery which took place while Clark and Charles Edgeworth, a fellow Pinkerton employee, were in a Pinkerton van replenishing cash canisters for an automatic teller machine. Stewart brandished a stun gun, sprayed Edgeworth with pepper spray, and made away with $124,000 in cash. Stewart used Clark's car to carry out his part of the robbery, which led to Clark's arrest. Clark eventually cooperated with authorities and testified at Stewart's trial.

Scott Dewell, a friend of Stewart's, also testified. He said that, during the morning on the day of the robbery, he and his wife were making repairs to the trailer Stewart shared with his girlfriend. At one point, Dewell and Stewart drove to a hardware store to get some supplies. On the way, Stewart asked Dewell his opinion about the best way to rob an armored car. Dewell said he would probably use pepper spray. After they returned to the trailer, while Stewart was outside, Dewell told his wife about the conversation. Dewell was questioned by Federal Bureau of Investigation agents after the robbery and initially did not tell them about the conversation. Later, he contacted the

2

FBI and disclosed what Stewart had said. After his arrest, Stewart called Dewell and, in a tape recorded conversation, tried to persuade Dewell not to testify and to disclaim his account of the discussion he had with Stewart before the robbery.

At sentencing, the district court decided that the recorded conversation was proof that Stewart had attempted to obstruct justice because he tried to persuade Dewell not to testify and thus tried to conceal material evidence. See USSG § 3C1.1, comment. (n.3(a), (d)) (attempt to unlawfully influence a witness or to procure another person to conceal material evidence warrants adjustment). Stewart contends on appeal that the court misinterpreted a plea for Dewell to simply tell the truth, i.e., that the pre-robbery discussion of robbery methods never occurred. He also argues that the district court failed to make a clear finding as to the basis for the adjustment. Our review of the sentencing hearing reveals that the court adequately explained the basis for its finding and that its finding was not clearly erroneous. See United States v. Puckett, 61 F.3d 1092, 1095 (4th Cir. 1995) (factual finding concerning obstruction of justice adjustment reviewed for clear error).

The probation officer calculated that Stewart had nine criminal history points, which placed him in criminal history category IV. Stewart had three separate convictions for burglary,[1] for which he was sentenced to concurrent sentences on the same day. For the first of these offenses, Stewart received a youthful offender sentence and was paroled after a few months. He received suspended sentences for the other two offenses but soon thereafter participated in a break-in at a jewelry store. From 1986 to 1994 he was incarcerated.

Treating the three concurrent sentences as related cases, the probation officer assigned only three criminal history points for all of them.[2]

_____

[1] The South Carolina offense was"housebreaking," but all three offenses involved commercial buildings.
[2] Under Application Note 3 to USSG§ 4A1.2, prior sentences are related and counted if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single, common scheme or plan, or (3) were consolidated for trial or sentencing, provided that the

3

The probation officer noted that an upward departure might be appropriate under USSG § 4A1.3. The district court agreed. Finding that Stewart's criminal history did not adequately account for the uncounted burglaries and the likelihood that he would commit further crimes, the district court departed upward to category VI. Stewart argues on appeal that no departure was warranted because the guidelines provide that offenses consolidated for sentencing do not count toward the criminal history score. He also contends that the extent of the departure was unreasonable and that the court failed to explain why a departure to category V was not sufficient as required under United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir. 1992) (in departure for criminal history, district court must consider each category before proceeding to higher one and explain why lower category not adequate).

We review a decision to depart for abuse of discretion. See Koon v. United States, ___ U.S. ___, 64 U.S.L.W. 4512, 4517 (U.S. June 13, 1996) (Nos. 94-1664/8842); see also United States v. Rybicki, 96 F.3d 754, 757-58 (4th Cir. 1996). An underrepresented criminal history score is an encouraged basis for departure. However, the district court's determination that Stewart's criminal history was not adequately accounted for under the applicable guidelines is reviewed de novo. See Koon, 64 U.S.L.W. at 4517; Rybicki, 96 F.3d at 758. Prior sentences which are not used in computing a defendant's criminal history category are properly considered as a factor supporting an upward departure. See USSG § 4A1.3(a). Therefore, we find no fault with the district court's decision to depart based on Stewart's uncounted sentences. The court adequately complied with Rusher by explaining that Stewart would have been in category VI had the uncounted sentences contributed to his criminal history score and stating that category V was, consequently, not sufficient to represent his past criminal conduct or the likelihood that he would commit other

_____

offenses were not separated by intervening arrests. The government did not contest the decision to treat the three burglaries as related cases, although they occurred on different dates and there was no evidence of a formal order of consolidation. See United States v. Allen, 50 F.3d 294, 297-99 (4th Cir.), cert. denied, 515 U.S. 1167 (1995) (formal order of consolidation necessary unless cases factually related).

4

crimes. On these facts, neither the departure nor the extent of the departure was an abuse of discretion.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5