**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4455

GREGORY DANIELS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-52)

Submitted: February 25, 1998

Decided: March 17, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
E. Jean Howard, Assistant United States Attorney, Greenville, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

PER CURIAM:

Gregory Daniels pled guilty to bank robbery, 18 U.S.C.A. § 2113(a) (West Supp. 1997), and was sentenced as a career offender to a term of 96 months imprisonment. He appeals his sentence, contending that the district court erred in finding that two prior bank robbery convictions were not related offenses. See USSG § 4A1.2(a)(2), comment. (n.3).* We affirm.

In 1991, Daniels was charged in two separate indictments with committing two bank robberies in the Western District of North Carolina. One robbery occurred on December 6, 1990, in Candler, North Carolina. The other occurred on November 23, 1990, in Asheville, North Carolina. Daniels was arrested in Miami, Florida, in January 1991. Both charges were transferred to the Southern District of Florida pursuant to Fed. R. Crim. P. 20. Daniels entered guilty pleas to both robberies and was sentenced for both crimes in one hearing. Daniels was released in November 1996 and committed the instant offense in January 1997.

The probation officer recommended that Daniels be sentenced as a career offender. Under USSG § 4B1.1, a defendant is a career offender if (1) he was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Daniels did not dispute the first two criteria. However, he argued at sentencing that his two prior sentences for bank robbery were imposed in related cases and should be treated as one. See USSG § 4A1.2(a)(2) (sentences in related cases treated as one sentence for criminal history purposes).

_____

*U.S. Sentencing Guidelines Manual (1995).

2

Cases are related if they result from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. Daniels does not contend that the two prior robberies occurred on "the same occasion" or "were part of a single common scheme or plan." As a result, Daniels' claim turns on whether his two prior robberies were"consolidated for trial or sentencing."

We have held that cases are not "consolidated for trial or sentencing" unless a court has entered a formal order of consolidation. See United States v. Allen, 50 F.3d 294, 296 (4th Cir. 1995). Daniels contended that the two offenses had been consolidated for plea and sentencing by virtue of the Rule 20 transfer. The district court was unconvinced and sentenced him as a career offender.

On appeal, Daniels argues that the robberies should be treated as consolidated, despite the lack of a consolidation order, because they could have been charged in a single indictment and could have been consolidated for trial or sentencing. The fact remains that the robberies were charged separately and were never formally consolidated. Under Allen, the district court properly treated them as unrelated offenses.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3