**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4554

JAMES WILLIAM BEASLEY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-97-988)

Submitted: February 23, 1999

Decided: April 13, 1999

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James William Beasley, Jr., was found guilty of one count of possession of a firearm in violation of 18 U.S.C.A.§ 922(g) (West Supp. 1998). The district court imposed a 120-month sentence. Beasley's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal, but raises the following issues: (1) whether Beasley was subjected to double jeopardy in violation of the Fifth Amendment because he was also convicted in state court of an offense relating to the same firearm; (2) whether the trial court improperly denied Beasley's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure; and (3) whether the district court erred in sentencing Beasley to 120 months under the sentencing guidelines. Although informed of his right to file a supplemental brief, Beasley has not done so. Because our review of the record reveals no reversible error, we affirm.

In October 1997 a federal grand jury indicted Beasley on one count of violating 18 U.S.C.A. § 922(g), and Beasley elected a jury trial. At trial, the Government presented evidence from which a jury could reasonably conclude that: Beasley knowingly possessed a firearm on June 5, 1997; he had previously been convicted of a crime with a maximum sentence in excess of one year; and the firearm had been in and affected interstate commerce. At the close of the Government's evidence Beasley moved for a judgment of acquittal pursuant to Rule 29, and the district court denied the motion. Thereafter, the defense rested without calling any witnesses. The jury returned a verdict of guilty.

In his presentence report, the probation officer found that Beasley possessed a Lorcin .25 caliber automatic pistol. He further found that Beasley had two prior convictions for crimes of violence.[1] Beasley's

_____

[1] The presentence report indicates that on August 29, 1991, Beasley was convicted of conspiracy to commit a robbery that occurred on May 11, 1991. It further describes that on August 29, 1991, Beasley was also

2

base offense level was set at 24. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (1997). However, because the firearm involved in the offense had been stolen, he was subject to an increase of two points for the specific offense characteristic. See USSG § 2K2.1(b)(4). Beasley's base offense level was therefore enhanced to 26. Combined with his criminal offense category of V,**2** the guidelines yielded a range of 110 to 137 months. However, the provisions of section 922(g) limit a sentencing court to a statutory maximum of 120 months. Therefore, the district court imposed a sentence of 120 months.

In his Anders brief, Beasley questions whether the district court violated the Fifth Amendment's guarantee against double jeopardy because the state had already prosecuted him on the ground that the firearm in question was stolen property. Because the state and federal charges did not share the same elements of proof, see Blockburger v. United States, 284 U.S. 299 (1932), nor were they prosecuted by the same sovereign, see Abbate v. United States, 359 U.S. 187 (1959), the subsequent federal conviction does not implicate the Fifth Amendment.

Beasley also questions whether the district court correctly denied his motion for judgment of acquittal. We review the denial of a Rule 29 motion de novo. See United States v. Romer , 148 F.3d 359, 364 (4th Cir. 1998). At trial the Government introduced evidence that Beasley was arrested on an outstanding arrest warrant, and a search incident to arrest revealed a pistol in his pants pocket. The Government's evidence also supported findings that the pistol found in Beasley's possession had moved in interstate commerce and that Beasley had been convicted of at least one prior crime punishable by impris-

_____

convicted of a separate count of attempted common law robbery that occurred on December 23, 1990. Because these convictions arose out of separate factual circumstances and there is no evidence that they were consolidated at sentencing, the district court properly considered them as unrelated convictions. See United States v. Allen, 50 F.3d 294 (4th Cir. 1995).

**2** The presentence report assigned Beasley a total of ten criminal history points.

3

onment for a term exceeding one year. Finally, the Government adduced evidence that Beasley had not been pardoned or had his civil rights otherwise restored prior to his arrest. Accordingly, because a reasonable jury could have found that the Government proved every element beyond a reasonable doubt, the district court acted correctly in denying Beasley's Rule 29 motion. See id.

Lastly, Beasley claims that the district court erred in calculating his sentence at 120 months, the statutory maximum for the offense. He cites to no specific error, and based on our review of the application of the sentencing guidelines, we have found none. Therefore, we find that the district court properly calculated Beasley's sentence.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4