UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4302

MARIO DELAPP,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CR-98-36-A)

Submitted: April 20, 2000

Decided: May 22, 2000

Before WILLIAMS and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barry L. Proctor, Abingdon, Virginia for Appellant. Robert P.
Crouch, Jr., United States Attorney, S. Randall Ramseyer, Assistant
United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mario DeLapp appeals his conviction and sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). DeLapp's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that in his view there are no meritorious issues for review. Although DeLapp received an extension of time until January 13, 2000 to file a pro se supplemental brief, he has not filed such a brief. In accordance with the requirements of Anders, we have examined the briefs and the entire record and find no error. Therefore, we affirm.

In 1990, DeLapp was convicted in Bristol, Virginia, of three counts of felony possession of cocaine with intent to distribute. The felonies occurred on December 6 and 21, 1989, and on February 20, 1990. The statutory maximum for each offense was more than ten years.

On May 13, 1998, Bristol police responded to a 911 call concerning the discharge of a firearm. A description of the suspect led to DeLapp's arrest near the scene of the shooting. Police retrieved five rounds of .357 magnum ammunition from DeLapp's pocket. He subsequently was charged in a one-count indictment with being a felon in possession of ammunition. He pleaded guilty and received a 180-month sentence.

On appeal, DeLapp first maintains that the district court erred when it denied his pro se motion to withdraw his guilty plea. He asserts that he was coerced into signing the plea agreement because his attorney advised him that, if the case went to trial, he could receive a life sentence. DeLapp maintains that he believed the plea agreement called for him to receive a ten-year sentence.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). "[F]airness of the Rule 11 proceeding is the key factor in the review of the denial of a motion to with-

2

draw a guilty plea, and . . . an appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." Id. at 1306.

The second section of DeLapp's plea agreement set forth the statutory maximum and minimum sentences to which DeLapp was exposed. Specifically, the agreement stated:

> I understand if it is determined that I have at least three prior convictions for serious drug offenses . . ., I will face a mandatory minimum sentence of fifteen years imprisonment and a maximum sentence of life imprisonment pursuant to[18 U.S.C. § 924(c) (1994)].

> I understand that if it is determined that I do not have at least three prior convictions for serious drug offenses . . ., that there will be no mandatory minimum sentence and the maximum sentence of imprisonment will be ten years.

(J.A. at 107.) DeLapp affirmed that he had discussed the terms of the plea agreement with his lawyer, that he was satisfied with his attorney's services, and that he was entering into the agreement of his own free will.

The transcript of DeLapp's guilty plea proceeding reveals that the district court complied with Fed. R. Crim. P. 11. Notably, the district court explained in detail the maximum and minimum sentences that could be imposed and that the sentencing guidelines applied to the case. DeLapp stated at the time that he understood the court's explanation. Furthermore, DeLapp asserted that he was satisfied with his attorney's services. The court accepted the plea, finding that it was freely and voluntarily made and that there was a factual basis for the plea.

At sentencing, the district court first considered DeLapp's pro se motion to withdraw his guilty plea. The court denied the motion, commenting that, at the Rule 11 proceeding, the question of possible sentences was discussed and that DeLapp therefore knew what penalties he faced. Given the language in the plea agreement concerning

3

possible sentences, the discussion of sentencing at the Rule 11 proceeding, DeLapp's acknowledgments at that proceeding, and the fact that the proceeding was properly conducted, we find that the denial of the motion to withdraw the guilty plea was not an abuse of discretion.

A defendant who violates 18 U.S.C. § 922(g)(1) and has three previous convictions for a violent felony or a serious drug offense, which were committed on different occasions, is treated as an armed career criminal. See 18 U.S.C.A. § 924(e)(1) (West Supp. 1999); U.S. Sentencing Guidelines Manual § 4B1.4(a) (1997). DeLapp contends on appeal that, because sentencing on the three Bristol charges occurred on the same date, the convictions should only count as one qualifying felony. However, under § 924(e), the separate crimes were properly treated as predicate offenses for sentencing purposes, and DeLapp was correctly found to have the requisite three previous felony convictions to qualify him as an armed career criminal.

Nor were the offenses related. See U.S.S.G.§ 4A1.2(a). They occurred on separate dates, they were not joined or formally consolidated, and DeLapp received a separate sentence for each offense. DeLapp did not show that the offenses were part of a common scheme or plan. Thus, he correctly received three criminal history points for each of the Bristol convictions. See United States v. Allen, 50 F.3d 294, 296-98 (4th Cir. 1995).

As required by Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm DeLapp's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If his client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must state that a copy thereof has been served on his client.

AFFIRMED