UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 01-4457

HANK WILLIAM BERRY, a/k/a Hankie,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-00-185)

Submitted: February 20, 2002

Decided: March 8, 2002

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

C. Louise Ball, BALL & BALL, P.C., Alexandria, Virginia, for Appellant. Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Hank William Berry appeals his conviction and sentence for conspiracy to distribute more than fifty but less than 100 kilograms of marijuana in violation of 21 U.S.C. § 846 (1994). Finding no reversible error, we affirm.

First, Berry claims that the district court clearly erred in concluding that he was competent at the time he entered his guilty plea. Our review of the record convinces us that Berry understood the nature of the Rule 11 colloquy, the charges against him, and the consequences of his plea. Although Berry admitted that he was taking prescription medication at night, we find that the district court asked appropriate follow-up questions as required by *United States v. Damon*, 191 F.3d 561, 564 (4th Cir. 1999), and properly ascertained Berry's competence. Accordingly, we find that the district court did not clearly err in finding Berry to be competent at his guilty plea hearing. *See Dusky v. United States*, 362 U.S. 402, 402 (1960); *United States v. Truglio*, 493 F.2d 574, 578 (4th Cir. 1974).

Second, Berry claims that the district court erred in determining the quantity of controlled substances attributable to him as relevant conduct. Based on a finding that the total relevant conduct in his case was at least sixty kilograms but less than eighty kilograms of marijuana, the probation officer calculated a base offense level of twenty-two. *See U.S. Sentencing Guidelines Manual* ("USSG") § 2D1.1(c)(9) (2000). Because Berry admitted that "the amount of calculated relevant is correct" and admitted to relevant conduct involving at least sixty kilograms of marijuana in his objections to the presentence report ("PSR"), we find this claim is without merit.

Third, Berry claims that the district court erred by assessing a two-level enhancement for possession of a dangerous weapon during a

drug offense pursuant to USSG § 2D1.1(b)(1). A defendant may receive an enhancement under this Guideline for a firearm possessed by a co-conspirator if it is not clearly improbable that the weapon was connected with the drug offense. *See* USSG § 2D1.1, comment. (n.3); *United States v. Hunter*, 19 F.3d 895, 896 (4th Cir. 1994); *United States v. Falesbork*, 5 F.3d 715, 720 (4th Cir. 1993). Because the record on appeal reveals that Berry was aware that two of his co-conspirators (the Owen brothers) "had guns, dealt dope and took their guns with them to their drug deals," we find that the district court did not clearly err in imposing the enhancement.

Fourth, Berry contends that the district court erred in imposing an enhancement pursuant to USSG § 3B1.1(c) for his role in the offense. We review for plain error because Berry did not raise this issue before the district court. *See United States v. Olano*, 507 U.S. 725 (1993). Under USSG § 3B1.1(c), a two-level adjustment is to be given if the defendant was an organizer, leader, manager, or supervisor of any criminal activity that did not involve five or more participants and was not otherwise extensive. Because an intercepted conversation between Berry and Harry Owen indicated that Berry supervised at least one individual who transported drugs on his behalf, we cannot conclude that any plain error occurred.

Fifth, Berry argues that the district court improperly assessed criminal history points for two prior felony convictions that were related under USSG § 4A1.2 because they were consolidated for sentencing purposes. Berry's two assault convictions occurred on two separate occasions, involved different victims, bore different docket numbers, and, although the sentences were imposed to run concurrently, the cases were not formally consolidated. In order to qualify as a consolidated case, the sentencing court must enter a formal order consolidating the cases for sentencing. *United States v. Allen*, 50 F.3d 294, 297-98 (4th Cir. 1995). We therefore conclude that the district court did not clearly err in finding that Berry's assault convictions were not related for purposes of calculating his criminal history points under the Sentencing Guidelines.

Sixth, Berry contends that two prior convictions for DUI should not have been counted in calculating his criminal history category because the probation officer failed to indicate whether he was repre-

sented by counsel. Because Berry did not present this argument to the district court, we review for plain error. *See Olano*, 507 U.S. at 732-37. While a defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel, *Custis v. United States*, 511 U.S. 485, 495 (1994), he bears the burden of showing that the prior conviction is invalid. *United States v. Jones*, 977 F.2d 105, 110 (4th Cir. 1992). Because Berry does not even affirmatively state whether he was represented by counsel, we find that he has not met this burden and therefore no plain error occurred.

Finally, Berry raises six claims of ineffective assistance of trial counsel. Such claims are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, Berry must bring his ineffective assistance claims in a motion under 28 U.S.C.A. § 2255 (West Supp. 2001). *See id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295. Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we find that these claims are not cognizable on appeal.

Accordingly, we affirm Berry's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*