UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 02-4370

ARTHUR GRAHAM JUSTICE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, Chief District Judge.
(CR-01-234-1)

Submitted: December 16, 2002

Decided: January 15, 2003

Before WILKINS, NIEMEYER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven R. Compton, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Arthur Graham Justice pled guilty to conspiring to possess with intent to distribute oxycodone and was sentenced to a term of 105 months imprisonment. Justice appeals his sentence, alleging that the district court erred in finding that the sentences for two of his prior convictions were not consolidated for sentencing and thus were not related cases pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.2(a)(2), comment. (n.3) (2001). We affirm.

Justice had two prior federal convictions: one for conspiracy to distribute cocaine, oxycodone and hydromorphone, charged by indictment in December 1992, and one for receipt of a stolen vehicle, charged in an information filed on May 10, 1993, the day Justice pled guilty to both offenses. The information was assigned the same docket number as the indictment. Justice received concurrent sentences for those convictions from the same judge who imposed the sentence for the instant offense. In the presentence report for the instant offense, three criminal history points were assigned for each prior sentence. Justice objected that both sentences should be counted as one because the cases were related by reason of having been consolidated for sentencing. USSG § 4A1.2(a)(2), comment. (n.3). However, after reviewing the sealed plea agreement, presentence report, and memorandum of sentencing hearing in the prior cases, the district court determined that, despite the common docket number, the cases could not be considered related because no formal consolidation order had been entered, as required under *United States v. Allen*, 50 F.3d 294, 297-99 (4th Cir. 1995).

Justice contends on appeal that his prior cases met the *Allen* requirement because they were charged under the same docket number, thus making them one case, while the prior convictions in *Allen* carried different docket numbers. When the facts are undisputed, the

issue of whether prior convictions and sentences are related cases is a legal one and is reviewed de novo. *Id.* at 296. *Allen* rejected the view that informal consolidation of factually unrelated offenses for sentencing may make them related cases under USSG § 4A1.2. *Allen,* 50 F.3d at 298.

Justice relies on *United States v. Huskey*, 137 F.3d 283, 288 (5th Cir. 1998), which held that, "when factually distinct offenses are charged in the same criminal information under the same docket number, those offenses have been 'consolidated' (even in the absence of a formal consolidation order) and are therefore related." Apart from the fact that Justice's prior offenses were not charged in the same charging document, *Huskey* explicitly differs with this Court's holding in *Allen* that a formal order of consolidation is necessary for a finding that prior cases were consolidated for sentencing and are related pursuant to § 4A1.2. *Id.* Quite naturally, we do not find it to be persuasive authority.

Although *Allen* did not specifically address a situation where prior cases were factually distinct and were charged separately, but under the same docket number, we conclude that *Allen* requires that the district court's decision in this case be affirmed. *Allen* does not suggest that the presence or absence of separate docket numbers is the factor which should determine whether prior cases are related. The rule set out in *Allen* requires "either a factual relationship between prior offenses or a consolidation order. . . ." 50 F.3d at 297. Neither is present here.

*Allen* notes that, while cases may be consolidated for trial only if the offenses "are of the same or similar character or are based on the same act" or on several acts that are part of a common scheme or plan, *see* Fed. R. Crim. P. 8, factually unrelated cases may be formally consolidated for sentencing and such cases should be considered related. 50 F.3d at 298. *Allen* specifically holds that cases informally consolidated for sentencing are not to be treated as related cases. *Id.* Justice's prior convictions were informally consolidated for sentencing. Therefore, the district court properly treated them as separate cases for criminal history purposes.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*