**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4465**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENYA JERMAINE THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (CR-03-166)

Submitted: November 30, 2005          Decided: March 17, 2006

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nathaniel Roberson, Columbia, South Carolina, for Appellant. Stacey Denise Haynes, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenya Jermaine Thompson pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). On appeal, Thompson's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting as potential issues that the district court erred in finding that Thompson is an armed career criminal and by enhancing his offense level based on possession of a firearm or ammunition in connection with another felony and possession of a dangerous weapon during commission of the offense, citing Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. United States, 125 S. Ct. 738 (2005), but stating he found no meritorious claims for appeal. Thompson was notified of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief.

In considering whether the district court properly designated Thompson as an armed career criminal, this court reviews the district court's legal determinations de novo and its factual findings for clear error. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003), cert. denied, 541 U.S. 966 (2004).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court

by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Id.

Thompson's argument on appeal that the district court erred under Booker in sentencing him as an armed career criminal is foreclosed by our recent decision in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), in which we held that sentencing courts may rely on prior convictions to invoke the enhancement provided by § 924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as no facts extraneous to the fact of conviction need be decided. Id. at 282-83. We further found that whether the three requisite prior convictions were committed on separate occasions, as the statute requires, was a fact inherent in the prior convictions, rather than extraneous to them, and could be determined by a judge based on appropriate

judicial sources. Id. at 285-86. Thompson does not dispute the fact of the prior convictions. We find his argument that the prior convictions are related to be without merit because the crimes occurred on different dates, which allowed Thompson the opportunity to "make a conscious and knowing decision" to engage in subsequent criminal acts. See United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995). Moreover, Thompson's receipt of concurrent sentences for the prior offenses does not alone render the offenses related. See United States v. Allen, 50 F.3d 294, 297 (4th Cir. 1995). We therefore conclude that no constitutional error occurred in applying the armed career criminal statute in this case.

Thompson also challenges the district court's imposition of sentence enhancements based on his possession of a firearm or ammunition in connection with another felony and possession of a dangerous weapon during commission of the offense. We find any error was harmless because it did not cause Thompson to be sentenced above the mandatory minimum sentence imposed under 18 U.S.C. § 924(e)(1). See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence.").

Finding no error, we deny Thompson's motion to remand and affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to

- 4 -

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>