**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5041**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CONSTANZUS MARCEL WILLIAMS,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., District Judge.  (6:07-cr-00270-GRA)

———————

Submitted:  October 16, 2008      Decided:  November 3, 2008

———————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ryan L. Beasley, PRICE, ASHMORE & BEASLEY, P.A., Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Constanzus Marcel Williams pled guilty pursuant to a written plea agreement to one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). The court sentenced Williams to 212 months in prison, and Williams timely appealed. Williams' attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in calculating Williams' criminal history points and abused its discretion by not imposing a lower sentence. The Government did not file a reply brief. Williams submitted a pro se supplemental brief contending that the district court improperly assessed certain criminal history points and the district court exhibited bias during sentencing. Finding no reversible error, we affirm.

Williams argues that the court erred by counting prior convictions as separate offenses in calculating his criminal history. Williams argues that because some of his state sentences were run concurrently or because he was sentenced on the same date for several offenses, the offenses should not be counted separately in calculating his criminal history. Pursuant to U.S. Sentencing Guidelines Manual (U.S.S.G.) § 4A1.2(a)(2) (2006), "[p]rior sentences imposed in unrelated cases are to be counted separately" in the criminal history calculation. The commentary to this

2

guideline provides that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest," but will be considered related if the offenses "occurred on the same occasion," "were part of a single common scheme or plan," or "were consolidated for trial or sentencing." § 4A1.2 comment. (n.3). Here, there is no contention that the offenses actually occurred on the same occasion or were part of a common plan. Moreover, the presentence report provides no indication that Williams' convictions were consolidated for sentencing; rather, he received separate sentences for each conviction. See United States v. Allen, 50 F.3d 294, 296-98 (4th Cir. 1995) (absent formal consolidation, single sentencing proceeding and concurrent sentences do not make convictions related for criminal history purposes). Thus, our review of the record leads us to conclude that the district court did not err in calculating Williams' criminal history.

Williams next suggests that the 212-month term of imprisonment imposed by the district court was unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guidelines range after making the appropriate findings of fact, and consider the range in conjunction with other relevant factors under the guidelines and 18

3

U.S.C.A. § 3553(a) (West 2000 & Supp. 2008). <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). The court must give "both parties an opportunity to argue for whatever sentence they deem appropriate," and the district judge "may not presume that the Guidelines range is reasonable." <u>Gall</u>, 128 S. Ct. at 596-97. This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>United States v. Moreland</u>, 437 F.3d 424, 433 (4th Cir. 2006) (internal quotation marks and citation omitted). On appellate review, this court may presume that a sentence within the properly calculated advisory guidelines range is reasonable. <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462, 2465 (2007).

Here, the district court sentenced Williams after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by <u>Booker</u>, and applied the guidelines as advisory. The court correctly sentenced Williams as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.1, finding that he had the three requisite predicate offenses. The court heard from both Williams and the Government regarding the calculation of his criminal history score and Williams was permitted to argue for a lower sentence. The court sentenced Williams to 212 months, the middle of the advisory guidelines range.

The district court imposed a sentence within the guideline range and the statutory maximum. Neither Williams nor the record suggests any information to rebut the presumption that his sentence was reasonable. We therefore conclude that the sentence was reasonable.

In his pro se supplemental brief, Williams alleges that the court demonstrated judicial bias in fashioning his sentence. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a) (2000); see United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003), or in situations in which the judge has a personal bias or prejudice against or in favor of an adverse party. See Liteky v. United States, 510 U.S. 540, 555 (1994). Williams' allegations of bias stem from the court's statements about Williams' extensive criminal history, his danger to the community, and his spurious objections at sentencing to his past criminal convictions. The record reveals no indication that these comments arose from a personal, extrajudicial source. We have concluded that the court's sentence was reasonable. Williams thus fails to establish that the judge demonstrated bias or prejudice.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. This court requires that counsel inform Williams, in writing, of the right to

5

petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6