**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4593

RODNEY A. CUTLER, a/k/a 45,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-98-645)

Submitted: March 14, 2000

Decided: May 3, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tara Dawn Shurling, Columbia, South Carolina, for Appellant. John
M. Barton, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Cutler appeals from his conviction and sentence imposed for conspiracy to make and possess counterfeit United States currency in violation of 18 U.S.C.A. § 371 (West 1966 & Supp. 1999), making and counterfeiting obligations and securities of the United States in violation of 18 U.S.C.A. § 471 (West Supp. 1999), and possessing and concealing falsely made and counterfeited obligations and securities of the United States in violation of 18 U.S.C.A. § 472 (West Supp. 1999). Cutler's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she argues that the district court improperly limited trial counsel's cross-examination of a government witness, but represents that there are no arguable issues of merit in this appeal. Cutler has filed a supplemental brief arguing that the district court erred by (1) not conducting an inquiry of a juror who stated that he recognized a person in the courtroom; (2) informing the jury that Cutler was advised by the court concerning his right to testify and right not to testify and informing the jury as to the court's procedure for responding to a jury inquiry during deliberations; and (3) assessing two criminal history points for offenses that Cutler contends were related and for enhancing his sentence for his role in the offense. Cutler also argues that he was denied the effective assistance of counsel before trial, during trial, at sentencing, and on appeal. After a review of the entire record in this case, we affirm.

The district court's limitations on cross-examination are reviewed for abuse of discretion. See United States v. Turner, 198 F.3d 425, 429 (4th Cir. 1999). Cutler's attorney sought to introduce, pursuant to Federal Rule of Evidence 608(b), evidence that the government's witness, Donald Gist, violated a condition of his bond by testing positive for cocaine. Rule 608(b) allows for the admission of probative evidence of a "witness' character for truthfulness or untruthfulness." We find that evidence of Gist's violations of a condition of bond is not evidence of his character for truthfulness and that the district court did not abuse its discretion in refusing to allow the evidence.

We find no merit to the issues raised by Cutler's supplemental brief. Specifically, the person recognized by the juror was not a par-

2

ticipant in the trial, the jury instructions were proper, and the enhancement for role in the offense was supported by the record and was not clearly erroneous. See United States v. Hyppolite, 65 F.3d 1151, 1159 (4th Cir. 1995); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

Also, the district court properly determined that the two prior offenses for which Cutler received two criminal history points were not related. The evidence does not support Cutler's argument that the offenses were "part of a single common scheme or plan", or that they were consolidated for sentencing. See U.S. Sentencing Guidelines Manual § 4A1.2(2), and comment. (n.3) (1998); United States v. Allen, 50 F.3d 294, 296 (4th Cir. 1995).

Lastly, Cutler argues that he was denied the effective assistance of counsel before trial, during trial, at sentencing, and on appeal. Because the record does not conclusively support Cutler's contention that his attorneys rendered ineffective assistance, these claims cannot be addressed on direct appeal. Rather, claims of ineffective assistance of counsel should be raised by a motion filed in the district court pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Accordingly, we affirm Cutler's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3