**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4661

SEAN A. BRINKLEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-00-184)

Submitted: January 30, 2002

Decided: February 28, 2002

Before WILKINS, MOTZ, and GREGORY, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

## COUNSEL

Robert B. Rigney, PROTOGYROU & RIGNEY, P.L.C., Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Alan M. Salsbury, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Sean A. Brinkley appeals from sentences imposed after guilty pleas to one count of wire fraud, in violation of 18 U.S.C. § 1343 (1994); and three counts of mail fraud, in violation of 18 U.S.C. § 1341 (1994). On appeal, Brinkley challenges the district court's assessment of amount of loss resulting from the wire fraud, and the court's calculation of criminal history points. We dismiss the appeal in part, and affirm in part.

Brinkley signed a plea agreement waiving his right to appeal any sentence imposed within the statutory maximum on the wire fraud charge. Because Brinkley signed a valid waiver of appeal rights, his sentence did not exceed the maximum, and he does not allege that his plea was unknowing or involuntary, we find that Brinkley's argument regarding the amount of loss assessed is waived. Therefore this portion of the appeal is dismissed.

Brinkley's remaining claims contest the calculation of criminal history points. First, Brinkley alleges that the district court erred in computing his criminal history score because the probation officer had not secured certified copies of court orders for certain prior convictions listed in the presentence report. Brinkley specifically abandoned this claim in the district court. Upon review, we find there was no error. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (defendant bears the burden of showing that the information in the presentence report is inaccurate; mere objections are insufficient).

The remaining issue is whether the court erred in including criminal history points for state convictions for forging and uttering and failure to appear. Brinkley argues that these convictions are sufficiently related to the wire fraud offense conduct so that they should have been excluded under *U.S. Sentencing Guidelines Manual* § 4A1.2(a)(2) comment. (n.3) (2000).

When the facts concerning prior convictions and sentences are undisputed, the determination that the prior offenses are related cases under § 4A1.2(a)(2) is a legal issue. *United States v. Allen*, 50 F.3d 294, 296 (4th Cir. 1995). Sentences for prior offenses that were not separated by an intervening arrest are considered "related cases" and counted as one sentence, *see* USSG § 4A1.2(a)(2), if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. *See* USSG § 4A1.2, comment. (n.3). The factors identified as relevant to a determination of whether offenses are part of a single common scheme or plan are:

> [W]hether the crimes were committed within a short period of time, in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar *modus operandi*, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography.

*United States v. Breckenridge*, 93 F.3d 132, 138 (4th Cir. 1996).

We conclude that the convictions at issue do not meet the requirements of related offenses and are not part of a single common scheme or plan. Therefore the district court did not err in assessing criminal history points for the offenses.

We dismiss the appeal as to the calculation of loss issue related to the wire fraud sentence, and affirm the judgment and sentence related to the mail fraud convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*