UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOHNNY FLETCHER, JR.,
            *Defendant-Appellant.*

No. 02-4159

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Cameron McGowan Currie, District Judge.
(CR-00-776)

Submitted: September 19, 2002

Decided: October 1, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Johnny Fletcher appeals his conviction and 154-month sentence after pleading guilty to armed bank robbery in violation of 18 U.S.C.A. § 2113(a) (West 2000) and brandishing a shotgun in relation to the armed robbery in violation of 18 U.S.C. § 924(c)(1)(A). His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asserting: (1) the district court failed to meet the requirements of Rule 11 of the Federal Rules of Criminal Procedure at the plea hearing; and (2) the district court improperly applied the Sentencing Guidelines. Finding no reversible error, we affirm.

On appeal, Fletcher contends his Fed. R. Crim. P. 11 plea hearing was inadequate. In light of the district court's thorough plea colloquy, we find Fletcher was fully aware of his rights and the consequences of his plea, and that his plea was knowing and voluntary. Thus, we find the district court complied with the requirements of Fed. R. Crim. P. 11.

Fletcher also contends the district court erred in calculating his criminal history score under *United States Sentencing Guidelines Manual*, §§ 4A1.1, 4A1.2 (Nov. 2001), by failing to construe as a single offense three prior offenses informally consolidated for sentencing on the same day. The court, however, properly found the three factually unrelated offenses should count separately for purposes of computing Fletcher's criminal history score. *See United States v. Allen*, 50 F.3d 294, 298 (4th Cir. 1991).

We have reviewed the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*