**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 04-4607

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DERRICK MCKNIGHT COOK,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.   Matthew J. Perry, Jr., Senior
District Judge.  (CR-03-1141)

———————————

Submitted:  January 31, 2006        Decided:  February 28, 2006

———————————

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Tara L. McGregor, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Derrick McKnight Cook pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced as an armed career criminal, 18 U.S.C. § 924(e) (2000), to fifteen years imprisonment. Cook's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal. However, counsel addresses whether the district court erred in finding that (1) Cook had at least three prior crimes of violence, committed on different occasions, for purposes of § 924(e); and (2) the three burglary convictions were not related cases under U.S. Sentencing Guidelines Manual § 4A1.2 (2003). Cook has filed pro se supplemental briefs, arguing that (1) his sentence violates the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005); (2) at the time of his arrest he was intoxicated and therefore unaware of the charges against him; and (3) his guilty plea was not knowingly and voluntarily entered.

The presentence report listed the following four predicate convictions for armed career criminal purposes: (1) second degree burglary ("Dwelling Non-Violent"); (2) second degree burglary ("Dwelling Non-Violent"); (3) armed robbery; and (4) burglary and grand larceny. All four offenses took place over a five-day period between September 17, 1993, and September 21, 1993,

- 2 -

when Cook was 19 years old.  He pled guilty to all four offenses on the same date--October 12, 1993--waiving his right to an attorney.

Under 18 U.S.C. § 924(e)(2)(B), a "violent felony" is any crime punishable by imprisonment for a term exceeding one year that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; (ii) or is burglary, arson or extortion. . ."  The statute does not define "committed on occasions different from one another."

This court considers three factors in determining whether offenses occurred on the same occasion and thus should count as only one predicate offense: "whether the offenses arose in different geographic locations; whether the nature of the offenses was substantively different; and whether the offenses involved multiple victims or multiple criminal objectives."  United States v. Letterlough, 63 F.3d 332, 335-36 (4th Cir. 1995) (footnotes omitted); see United States v. Thompson, 421 F.3d 278, 285 (4th Cir.) (collecting cases applying factors), pet. for cert. filed (Oct. 25, 2005) (No. 05-7266).  A conviction is considered to have "occur[red] on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode."  Letterlough, 63 F.3d at 335 (internal quotation marks and citation omitted).  Specifically, the court considers, among other factors, whether the time interval between the crimes underlying the convictions allowed the accused sufficient time to

- 3 -

"make a conscious and knowing decision" to engage in subsequent criminal acts. Id. at 337. Separate offenses are not made related simply because the defendant received concurrent sentences. United States v. Breckenridge, 93 F.3d 132, 138 (4th Cir. 1996) (citations omitted).

We find that Cook's prior crimes are not related because each burglary was completed before the next burglary began, each was committed at a different location and involved a different victim. Moreover, the convictions were not related solely because they were consolidated for sentencing. In order to qualify as a consolidated case, the sentencing court must enter a formal order consolidating the cases for sentencing. United States v. Allen, 50 F.3d 294, 297-98 (4th Cir. 1995). Although the sentences appear to have been imposed on the same date and were concurrent, there is no evidence that the sentencing court entered a formal order of consolidation, and concurrent sentences alone do not render offenses related. See id. at 297.

Next, counsel addresses whether the district court erred in determining Cook's criminal history points under USSG § 4A1.2. However, as counsel concedes, any error in Cook's guideline calculation was harmless because he was sentenced to the statutory mandatory minimum sentence. Moreover, Cook's criminal history category (VI) would have remained unchanged had the court accepted his challenge to the calculation of his criminal history points.

In his pro se supplemental brief, Cook argues that his sentence violates <u>Booker</u> because the district court sentenced him as an armed career criminal based on facts not included in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. Cook's argument is foreclosed by <u>Thompson</u>, in which we held that the use of prior offenses to invoke the statutory armed career criminal enhancement under § 924(e) is permissible without indictment presentment or jury submission so long as no facts extraneous to the facts necessary to support the enhancement need be decided to invoke the enhancement. 421 F.3d at 282-84. Here, because the facts necessary to support the application of the armed career criminal enhancement "inhere in the fact of conviction," we find no constitutional error under <u>Booker</u>.

Next, Cook claims that he was intoxicated at the time of his arrest. However, by pleading guilty, Cook has waived any claims with respect to antecedent non-jurisdictional defects. <u>See</u> <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993); <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). Cook also challenges the voluntariness of his guilty plea. However, our review of the transcript reveals that the district court fully complied with Fed. R. Crim. P. 11.

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Cook's

conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED