**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　v.

BARRY ALAN JOHNSON, a/k/a David
Jackson,

　　　　　　　*Defendant-Appellant.*

No. 02-4885

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-02-4)

Submitted: May 30, 2003

Decided: June 13, 2003

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Robert J. Krask, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Barry Alan Johnson pled guilty to bank extortion, 18 U.S.C. §§ 2113(a), 2 (2000), and making a bomb threat, 18 U.S.C. §§ 844(e), 2 (2000), and was sentenced to a term of 108 months imprisonment. He appeals his sentence, arguing that the district court erred in applying *U.S. Sentencing Guidelines Manual* § 2B3.1 (2001), instead of § 2B3.2, to the bank extortion offense, and erred when it decided that his two prior federal offenses were not related cases as defined in Application Note 3 to USSG § 4A1.2. We affirm.

On June 16, 2001, Johnson attempted to extort money from the SunTrust Bank in Virginia Beach, Virginia, by calling the bank manager, telling her that there was a bomb on the roof of the building, giving her eight minutes to comply with his demands, and threatening to "have her mother" if she failed to follow his directions. While the manager and other employees tried to comply with Johnson's directions, the police arrived and Johnson hung up. Johnson was arrested and charged with the instant offenses about six months later. In the interim, he pled guilty to conspiracy to commit mail and wire fraud arising from an internet auction fraud scheme in Virginia and also pled guilty to making false claims arising from a tax fraud scheme in Pennsylvania. The latter offense was transferred to the Eastern District of Virginia pursuant to Fed. R. Crim. P. 20. Johnson was sentenced for both the internet fraud offense and the tax fraud offense on February 19, 2002. These two federal cases were not formally consolidated.

Johnson subsequently pled guilty to attempted extortion of the SunTrust Bank and making a bomb threat. The probation officer recommended that Johnson's offense level for the bank extortion count be calculated under USSG § 2B3.1 (Robbery, Extortion, and Blackmail).[1]

---

[1]The Statutory Index in Appendix A lists both § 2B3.1 and § 2B3.2 as potentially applicable to a violation of § 2113(a).

Johnson objected that the applicable guideline for determining his offense level instead should be USSG § 2B3.2 (Extortion by Force or Threat of Injury or Serious Damage). The probation officer treated Johnson's two prior federal sentences as related cases, giving him only three criminal history points for both of them. The government objected that Johnson's prior federal sentences should be treated as unrelated cases.

At the sentencing hearing, the district court agreed with the government's objection and determined that the two federal offenses for which Johnson was sentenced in February 2002 were unrelated cases because they were not part of a common scheme and because there was no formal order of consolidation. The court overruled Johnson's objection and determined that § 2B3.1 was the appropriate guideline for the offense because it included an enhancement for an attempt to take the property of a financial institution, while § 2B3.2 does not. The effect of the court's rulings was to raise Johnson's criminal history score to from eight to eleven and move him from category IV to category V. His guideline range was 100-125 months. The court imposed a sentence of 108 months, and stated that it would have imposed the same sentence even if § 2B3.2 had been applied.

On appeal, Johnson first challenges the district court's decision to apply § 2B3.1. The sentencing court's selection of the appropriate guideline is reviewed de novo. *United States v. Davis*, 202 F.3d 212, 218 (4th Cir. 2000). When the statute under which the defendant was convicted proscribes a variety of conduct that may fall under several guidelines, the court must "determine which of the referenced guideline sections is most appropriate" for the offense of conviction. USSG § 1B1.2, comment. (n.1). To accomplish this, the court "should compare the guideline texts with the charged misconduct, rather than the statute (which may outlaw a variety of conduct implicating several guidelines) or the actual conduct (which may include factors not elements of the indicted offense"). *United States v. Lambert*, 994 F.2d 1088, 1092 (4th Cir. 1993).

Here, Count One of the indictment charged that Johnson "did knowingly attempt to obtain by extortion, money, property, and any other thing of value belonging to and in the care, custody, control, management, and possession of SunTrust Bank, the deposits of which

were then insured by the Federal Deposit Insurance Corporation," in violation of § 2113(a). Johnson argues that the district court "was required to look only at the *conduct* charged in the indictment . . . and was not permitted to consider the identity of the victim." He argues that the fact that the victim was a bank is "a circumstance of the offense" to be considered only in setting the offense level once the guideline has been selected. In his reply brief, he concedes that the fact that the victim is a bank is an element of the offense, but argues that it is merely a jurisdictional element, not a "conduct element," and thus not significant to the determination of the appropriate guideline.

Johnson's reasoning is unconvincing because the guideline which permits an enhancement for attempting to obtain money from a bank, as opposed to a business or individual, is clearly the guideline that more closely fits the offense Johnson committed. *See United States v. Smith*, 320 F.3d 647, 656-57 (6th Cir.), *cert. denied*, 123 S. Ct. 1954 (2003) (holding that § 2B3.1 was more appropriate than § 2B3.2 where object of extortion was bank robbery). Therefore, we conclude that the district court did not err in applying § 2B3.1.[2]

Johnson next claims that his prior federal convictions were related cases because they were consolidated for sentencing. Although Johnson did not make this specific argument in the district court, the court resolved the government's objection to the probation officer's calculation of Johnson's criminal history by finding that Johnson's prior federal convictions were not consolidated for sentencing. Therefore,

---

[2]The government alternatively argues that, even if the court erred in applying § 2B3.1, resentencing is not necessary because the district court stated that it would impose the same sentence using § 2B3.2. *See United States v. Strandquist*, 993 F.2d 395, 401 (4th Cir. 1993) ("'[O]verlapping ranges doctrine obviates the necessity of selecting the appropriate range only when the district court expressly makes an independent determination that the sentence would be the same under either of the ranges in the absence of any dispute.'") (quoting *United States v. Willard*, 909 F.2d 780, 783 (4th Cir. 1990)); *United States v. Smith*, 914 F.2d 565, 569 n.3 (4th Cir. 1990). However, we have reviewed the issue on the merits because the parties did not address the correctness of the alternative guideline calculation at sentencing, and Johnson now disputes the probation officer's computation of the guideline range that would apply under § 2B3.2.

the issue may be reviewed de novo, not for plain error as the government asserts. *See United States v. Allen*, 50 F.3d 294, 296 (4th Cir. 1995) (when facts are undisputed, district court's legal conclusion that prior cases are unrelated is reviewed de novo).

It is undisputed that Johnson's prior federal cases were not consolidated by any formal order of consolidation. This fact is dispositive because *Allen* holds that, in the absence of a factual relationship between the prior offenses, a formal consolidation of the cases is required to classify them as related within the meaning of Application Note 3 to § 4A1.2. *Allen*, 50 F.3d at 297-98.

Johnson argues that the prior convictions should nonetheless be treated as consolidated for several reasons. First, his plea agreement with respect to the false claims offense stated that the parties would seek to have the matter transferred to the Eastern District of Virginia and would also seek to have it consolidated for sentencing with the internet fraud offense pending against him in Virginia. This claim is unpersuasive because, although the offenses were sentenced together, they were never formally consolidated.

Second, he argues that the sentencing guidelines operated to formally consolidate his cases for sentencing because USSG § 5G1.2 (Sentencing on Multiple Counts of Conviction) requires that cases that are sentenced together be treated as one, whether formally consolidated or not. This argument is without merit; section 5G1.2 does not address consolidation of cases nor does it operate to consolidate cases automatically. We note that the presentence report for these cases combined the two offenses and determined one offense level for them both without using the multiple count rules and worksheets. This apparent error does not amount to formal consolidation of the cases.

Finally, Johnson argues that equity requires that his prior convictions be treated as related cases because (1) the same government attorney has represented the government in all three cases and thus agreed to seek consolidation of the prior cases for sentencing, and (2) the same district court judge accepted his plea agreement containing the agreement to seek consolidation and later held that the cases had not been consolidated.

None of Johnson's arguments is sufficient to overcome *Allen*'s requirement of a formal order of consolidation. Despite the language in his prior plea agreement, Johnson did not obtain a formal consolidation order. Therefore, the district court did not err in awarding three criminal history points for the sentence imposed in each prior case.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*