**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4592**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

MARVIN ALEXANDER SUTTON, JR.,

          Defendant – Appellant.

**No. 08-4756**

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

LAVAR JAVIER FIELDS,

          Defendant – Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge. (5:07-cr-00130-D-2; 5:07-cr-00130-D-1)

Submitted:  October 20, 2010     Decided:  November 19, 2010

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Deborrah L. Newton, NEWTON LAW, Raleigh, North Carolina, Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellants. George E. B. Holding, United States Attorney, Michael G. James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Alexander Sutton, Jr., pled guilty without a plea agreement to one count of conspiracy, in violation of 18 U.S.C. § 371 (2006), and one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (2006). After imposing an upward departure, the district court sentenced Sutton to concurrent sentences of 60 months' imprisonment on the conspiracy count and 72 months' imprisonment on the bank robbery count. Lavar Javier Fields pled guilty without a plea agreement to one count of conspiracy, in violation of 18 U.S.C. § 371, and two counts of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a). After imposing an upward departure, the district court sentenced Fields to concurrent sentences of 60 months' imprisonment on the conspiracy count and 90 months' imprisonment on each of the bank robbery counts. Sutton and Fields timely appeal and challenge their sentences. We affirm.

We review a district court's sentence, including a departure sentence, for reasonableness under a "deferential abuse-of-discretion" standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). In conducting this review, we first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence

3

based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. In reviewing a sentence outside the advisory Guidelines range, we consider whether the district court acted reasonably "both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the [G]uideline[s] range." United States v. Perez-Pena, 453 F.3d 236, 241 (4th Cir. 2006).

Fields challenges the district court's decision to adopt the recommendation of his presentence report ("PSR") and calculate his Guidelines range for the bank robbery counts using U.S. Sentencing Guidelines Manual ("USSG") § 2B3.1 (Robbery), rather than USSG § 2B2.1 (Burglary of a Residence or a Structure Other than a Residence) (2007). Fields, however, failed to object in writing to his PSR's use of USSG § 2B3.1 to calculate his offense level within the fourteen-day time frame prescribed by Fed. R. Crim. P. 32(f)(1). Accordingly, our review is for plain error. See United States v. Olano, 507 U.S. 725, 731 (1993) (quoting with approval Yakus v. United States, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a . . . right may be forfeited in criminal as well as civil cases by the failure to make timely assertion

4

of the right before a tribunal having jurisdiction to determine it.")).  To prevail under this standard, Fields must show that plain error by the district court affected his substantial rights.  See Puckett v. United States, 129 S. Ct. 1423, 1429 (2009).  Even if Fields makes this showing, however, correction of the error is within our discretion, which we do not exercise unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks and alteration omitted).

Where, as here, the statute under which a defendant is convicted proscribes a variety of conduct that may fall under several Sentencing Guidelines,[1] the district court must "determine which of the referenced [G]uideline sections is most appropriate" for the offense of conviction.  USSG § 1B1.2, cmt. n.1.  To accomplish this, the court "should compare the [G]uideline texts with the charged misconduct, rather than the statute (which may outlaw a variety of conduct implicating several [G]uidelines) or the actual conduct (which may include factors not elements of the indicted offense)."  United States v. Lambert, 994 F.2d 1088, 1092 (4th Cir. 1993).

---

[1] The Statutory Index to the Guidelines lists USSG §§ 2B1.1, 2B2.1, 2B3.1, and 2B3.2 as potentially applicable to a violation of 18 U.S.C. § 2113(a).  See USSG App. A.

Here, the indictment charged Fields and his co-defendants with breaking into and stealing United States currency from automated teller machines containing "money in the care, custody[,] and control of Lumbee Guaranty Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation," in violation of 18 U.S.C. § 2113(a). Section 2B3.1(b)(1) of the Guidelines permits an enhancement for the taking of property of a financial institution; USSG § 2B2.1, by contrast, does not address harm to a financial institution. Compare USSG § 2B3.1(b)(1) ("If the property of a financial institution . . . was taken, or if the taking of such property was an object of the offense, increase by 2 levels.") with USSG § 2B2.1 (addressing burglary of a residence or a structure other than a residence). Because the object of the Defendants' robberies was the property of a financial institution, we conclude the Guideline that most closely fits the offenses is USSG § 2B3.1. See United States v. Smith, 320 F.3d 647, 656-57 (6th Cir. 2003) (holding that USSG § 2B3.1 was the most appropriate Guideline where the object of extortion was bank robbery); see also United States v. Alexander, 48 F.3d 1477, 1491 (9th Cir. 1995) (stating that the Sentencing Commission sought with USSG § 2B3.1(b)(1) to punish robberies of financial institutions more severely because "these entities typically keep large amounts of readily available cash, and are therefore

6

particularly attractive robbery targets"). Accordingly, the district court did not plainly err in calculating Fields's offense level under USSG § 2B3.1.

Both Sutton and Fields challenge the district court's decision to upwardly depart from their advisory Guidelines ranges based on additional, uncharged robberies and attempted robberies. Under the Guidelines,

> [a district] court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable [G]uideline[s] range.

USSG § 5K2.21, p.s. This Guideline requires only "some degree" of connection between charged and uncharged offenses, and even a "remote connection" will suffice to support the departure. United States v. Newsom, 508 F.3d 731, 735 (5th Cir. 2007) (collecting cases and aligning with circuits interpreting that section as requiring only a remote relationship). After review of the record, we conclude that Sutton's and Fields's challenge is without merit. The offense conduct to which they pleaded guilty involved the early morning robberies of automated teller machines ("ATMs") in Food Lion grocery stores in Fayetteville, North Carolina. The undisputed testimony at sentencing implicated Sutton and Fields in five other robberies and

7

attempted robberies of ATMs in Food Lion grocery stores in North Carolina and Virginia.[2] The modus operandi of the uncharged offenses – early morning entry into the Food Lion through the removal of a glass pane – was the same as was utilized in the charged robberies. Additionally, the charged and uncharged offenses occurred in temporal and geographic proximity, and the uncharged robberies, like the charged robberies, involved thousands of dollars per robbery. We therefore conclude there was a sufficient connection between the uncharged and charged offenses and that the district court did not err in relying on USSG § 5K2.21, p.s., as the basis for its departures.

Finally, Fields challenges the extent of the district court's upward departure on the bank robbery counts. However, given Fields's participation in five additional uncharged robberies and attempted robberies involving significant sums of money and damage to property, the extent of the upward departure, which led to a sentence only nineteen months longer

---

[2] Sutton and Fields suggest that their involvement in the additional, uncharged robberies and attempted robberies was not sufficiently proved. Facts deemed relevant to a departure from a Guidelines sentencing range, however, need only be proved by a preponderance of the evidence. See United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009), cert. denied, 130 S. Ct. 1923 (2010). After review of the record, we conclude that the district court did not clearly err in finding Sutton's and Fields's participation in the uncharged offenses by a preponderance of the evidence.

than the top of the original advisory Guidelines range, was reasonable. We therefore affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED