**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4217**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ERNEST LEE WILLIAMS, JR., a/k/a Big Cat,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Malcolm J. Howard, Senior District Judge.  (5:14-cr-00173-H-1)

Argued:  September 23, 2016          Decided:  November 10, 2016

Before TRAXLER, SHEDD, and FLOYD, Circuit Judges.

Vacated and remanded by published opinion.  Judge Floyd wrote the opinion, in which Judge Traxler and Judge Shedd joined.

**ARGUED**:  Jaclyn Lee DiLauro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.    Donald Russell Pender, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF**:  Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

FLOYD, Circuit Judge:

Ernest Lee Williams, Jr., was charged with attempting to enter a bank with the intent to commit a felony affecting it, and a larceny, all in violation of 18 U.S.C. § 2113(a). Williams pleaded guilty to the charge, and was then sentenced under the robbery guideline, U.S.S.G § 2B3.1. Williams appeals his sentence, arguing that the robbery guideline is inapplicable in this case because his indictment contained no mention of the robbery element of force and violence, intimidation, or extortion. We agree with Williams, and we therefore vacate his sentence and remand this matter for resentencing.

I.

On January 21, 2014, Williams approached a Southern Bank building (the "Bank") in Rocky Mount, North Carolina, while wearing gloves and covering his face in a hood. Williams entered the Bank's exterior doors into an anteroom, but before he could enter past the interior doors, a teller who believed she recognized Williams from a previous robbery locked both the interior and exterior doors. The teller then asked Williams through an intercom whether Williams had an account with the Bank, and Williams replied that he did, but that he had left his bank card in his car. The teller unlocked the exterior doors, and instructed Williams to use the drive-up window. Williams returned to his car, but then drove off.

2

The police were notified and given a description of Williams's vehicle. The police stopped Williams shortly thereafter, and in a show-up, Williams was identified by a Bank employee as the person who had tried to enter earlier. After being read his rights, Williams admitted to the police that -- in need of money -- he cased the Bank, and then wore gloves and covered part of his face. He had neither a gun nor a note with him when he tried to enter the Bank. Williams insisted that he had simply planned to tell the bank tellers to put the Bank's money in his bag.

On August 27, 2014, a federal grand jury in the Eastern District of North Carolina indicted Williams for violating 18 U.S.C. § 2113(a). In relevant part, the grand jury charged Williams with "attempt[ing] to enter a bank . . . with the intent to commit in such bank a felony affecting such bank, in violation of a statute of the United States, and a larceny, all in violation of Title 18, United States Code, Section 2113(a)." J.A. 7. On January 6, 2015, Williams pleaded guilty to the charge.

Violations of § 2113(a) are potentially covered by four Sentencing Guideline sections -- of relevance here are U.S.S.G.

3

§ 2B3.1 (Robbery) and § 2B2.1 (Burglary).[1] Following the plea, the probation officer calculated Williams's imprisonment range under the Guidelines by using the robbery guideline, U.S.S.G. § 2B3.1. Specifically, the probation officer calculated Williams's imprisonment range at 37 to 46 months. This range derived from a total offense level of 19 and a criminal history category of III. Section 2B3.1 provided a base offense level of 20, which was increased by two levels because Williams's crime targeted a financial institution. See U.S.S.G § 2B3.1(b)(1). The resulting offense level of 22 was then reduced by three levels for acceptance of responsibility, resulting in a final offense level of 19.

Williams objected to the application of U.S.S.G. § 2B3.1 to his offense. Williams contended that the indictment to which he pleaded guilty described an attempted burglary, not an attempted robbery, because it did not reference force or violence. Thus, as between the two relevant guidelines that could apply to a violation of § 2113(a) -- the robbery guideline and the burglary guideline -- Williams insisted that he should be sentenced under the latter. Williams reasoned that if the burglary guideline

---

[1] A violation of § 2113(a) may also implicate U.S.S.G. § 2B3.2 (Extortion by Force or Threat of Injury or Serious Damage) or U.S.S.G § 2B1.1 (Larceny, Embezzlement, and Other Forms of Theft). See U.S.S.G. App'x A. Both parties, however, agree that neither guideline applies in this case.

4

was used, his total offense level would be 10, which in this case would yield an imprisonment range of only 10 to 16 months.

The probation officer, meanwhile, contended that the robbery guideline applied in this case, because it -- unlike the burglary guideline -- contained an enhancement accounting for the fact that Williams targeted a financial institution.

On April 8, 2015, Williams's sentencing hearing took place. After hearing both sides' arguments, the district court was convinced that the robbery guideline was appropriate in this case because it addressed the targeting of financial institutions. The district court found Williams's imprisonment range under the robbery guideline to be 37 to 46 months, and sentenced him to a term of 38 months. This appeal followed.

## II.

On appeal, Williams contends that his sentence should have been calculated using the burglary guideline, rather than the robbery guideline. We review challenges to the district court's guideline selection de novo. United States v. Davis, 202 F.3d 212, 218 (4th Cir. 2000). We agree with Williams that the district court's selection of the robbery guideline was erroneous, because only the burglary guideline applies here.

## A.

The Sentencing Guidelines direct a sentencing court to "[d]etermine the offense guideline section . . . applicable to

5

the offense of conviction." U.S.S.G. § 1B1.2(a). At times, however, "the offense of conviction 'appears to fall under the express terms of more than one guideline[.]'" United States v. Boulware, 604 F.3d 832, 836 (4th Cir. 2010) (brackets omitted) (quoting United States v. Lambert, 994 F.2d 1088, 1092 (4th Cir. 1993)). In such cases, "the sentencing court must choose the guideline that is 'most applicable' by comparing the guideline texts with the charged misconduct, rather than the statute (which may outlaw a variety of conduct implicating several guidelines) or the actual conduct (which may include factors not elements of the indicted offense)." Id. (emphasis added) (internal quotation marks and brackets omitted) (quoting Lambert, 994 F.2d at 1092).

The charge that Williams pleaded guilty to plainly describes an attempted burglary, not an attempted robbery. Williams was charged with a violation of § 2113(a), which provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . .; or
>
> Whoever enters or attempts to enter any bank . . ., or any building used in whole or in part as a bank . . ., with intent to commit in such bank . . ., or part thereof, so used, any felony affecting such bank . . .

6

> and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). "As its text makes clear, subsection 2113(a) can be violated in two distinct ways: (1) <u>bank robbery</u>, which involves taking or attempting to take from a bank by force [and violence], intimidation, or extortion; and (2) <u>bank burglary</u>, which simply involves entry or attempted entry into a bank with the intent to commit a crime therein." <u>United States v. Almeida</u>, 710 F.3d 437, 440 (1st Cir. 2013) (emphasis added).

Williams was indicted for attempting to enter a bank with an intent to commit a felony and larceny therein -- i.e., a bank burglary. Moreover, his indictment failed to reference "the element of 'force and violence, or [extortion or] intimidation' which is required for conviction of bank robbery" under § 2113(a). <u>United States v. Ketchum</u>, 550 F.3d 363, 365 n.1 (4th Cir. 2008) (quoting <u>United States v. Carter</u>, 540 F.2d 753, 754 (4th Cir. 1976)). Therefore, when one compares the applicable burglary and robbery guidelines with the language of Williams's indictment, it is clear that Williams should have been sentenced under the burglary guideline.[2]

---

[2] <u>Cf.</u> <u>Almeida</u>, 710 F.3d at 439–43 (vacating a § 2113(a)-defendant's sentence under the robbery guideline, because the district court did not exclusively consider the indictment (Continued)

7

B.

In selecting the robbery guideline over the burglary guideline, the district court stressed that only the robbery guideline contained an enhancement for the targeting of financial institutions (the "Bank Enhancement") like the one Williams targeted. The government defends this selection by citing two unpublished Fourth Circuit cases that justified the use of the robbery guideline for a § 2113(a) violation on the basis of the Bank Enhancement: United States v. Sutton, 401 F. App'x 845 (4th Cir. 2010) (per curiam), and United States v. Johnson, 68 F. App'x 402 (4th Cir. 2003) (per curiam). Because those cases do not justify imposing a robbery guideline-based sentence on a defendant that only pleaded guilty to an attempted burglary, the district court's selection was erroneous.

To begin, Johnson is distinguishable. Johnson held that where an indictment for violating § 2113(a) charges an attempt to obtain property from a bank via extortion, the robbery guideline is more appropriate than the extortion guideline because only the robbery guideline "permits an enhancement for attempting to obtain money from a bank." 68 F. App'x at 405.

language that "tracked that of § 2113(a)'s bank burglary prong," but instead improperly considered trial testimony "which described conduct that amounted to bank robbery, i.e., taking from a bank by force, violence, or intimidation").

8

In Johnson, however, the indictment charged the elements of both robbery and extortion, id., and so the Bank Enhancement merely functioned as a sensible tie-breaker between the robbery and extortion guidelines. In contrast, only the burglary guideline applies in this case, because Williams's indictment omits the robbery element of force and violence, intimidation, or extortion. As such, Johnson provides no sanction for the district court's use of the inapplicable robbery guideline.

Sutton is distinguishable for similar reasons. As in Johnson, a panel of this Court in Sutton relied on the Bank Enhancement in selecting the robbery guideline over an alternative guideline (there, the burglary guideline) to sentence a defendant convicted of violating § 2113(a). Sutton, 401 F. App'x at 847–48. But as in Johnson, the panel in Sutton was satisfied that the indictment at issue actually described "robberies." Id. at 848. Because Williams's indictment cannot be read to describe even an attempted robbery, the government's reliance on Sutton here is misplaced.[3]

---

[3] We acknowledge, however, that the panel in Sutton may have incorrectly characterized the indictment at issue as describing "robberies." In the paraphrased version of the indictment offered in the Sutton opinion, there was no reference to the robbery element of force and violence, intimidation, or extortion. See 401 F. App'x at 847 ("[T]he indictment charged Fields and his codefendants with breaking into and stealing United States currency from automated teller machines containing 'money in the care, custody[,] and control of Lumbee Guaranty (Continued)

9

C.

In this case, the precedent we find most instructive is this Court's published decision in <u>Boulware</u>.  There, the indictment charged the defendant with making a false statement to a bankruptcy court via nondisclosure of prior bankruptcies; however, the indictment did not charge that the nondisclosure was part of a plan to defraud creditors.  <u>Boulware</u>, 604 F.3d at 835-36.  This Court reasoned that the perjury guideline should apply, rather than the fraud guideline, because the perjury guideline best fit the offense described in the indictment.  <u>Id.</u> at 836.  It so held despite the objecting party's observation that the fraud guideline contained a specific offense characteristic referencing bankruptcy proceedings, while the perjury guideline lacked any analogous provision.  <u>Id.</u>  This Court dismissed that observation as being "of little consequence," reasoning that the fraud guideline was unfitting where "the gravamen of the charge was that [the defendant]

---

Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation,' in violation of 18 U.S.C. § 2113(a).").  To the extent that the unpublished <u>Sutton</u> opinion implies that the element of force and violence, intimidation, or extortion is unnecessary to describe a robbery, we expressly reject that position, for it is contrary to well-settled law. <u>See</u> <u>Ketchum</u>, 550 F.3d at 365 n.1; <u>Carter</u>, 540 F.2d at 754; <u>see also</u> <u>Almeida</u>, 710 F.3d at 440—41.

10

interfered with the bankruptcy court's administration of justice, not that she defrauded any creditors." Id.

Likewise, the robbery guideline's use of the Bank Enhancement is of little consequence here, because the gravamen of Williams's charge was that he attempted to commit a burglary, not a robbery. Simply put, where an indictment omits an element of an offense, the guideline corresponding to that offense is inapplicable, even if the alternative guideline's provisions do not account for certain details that the indictment charges.

Nonetheless, we do not consider whether the absence of a potentially relevant provision (here, the Bank Enhancement) under the correct guideline justifies a variance at sentencing. We leave that issue for the district court to address on remand in the first instance.

### III.

For the foregoing reasons, we vacate Williams's sentence, and remand this case to the district court for resentencing under the burglary guideline.

VACATED AND REMANDED

11